**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>                               Debtor. | NOT FOR PUBLICATION<br><br>Chapter 11<br><br>Case No. 20-12345 (MG) |
| CLARENCE MOORE,<br><br>                               Plaintiff,<br><br>v.<br><br>CATHOLIC HEALTH SYSTEMS OF LONG ISLAND, INC. *et. al.*,<br><br>                               Defendants. | Adv. Pro. No. 23-01141 (MG) |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
TO REMAND THE CASE TO THE NEW YORK COUNTY SUPREME COURT**

**A P P E A R A N C E S :**

SLATER SLATER SCHULMAN LLP
*Counsel for Plaintiff Clarence Moore*
445 Broadhollow Road, Suite 419
Melville, New York 11747
By:    Stephenie Lannigan Bross, Esq.

488 Madison Avenue, 21st Floor
New York, New York 10022
By:    Arielle Z. Feldshon, Esq.

MULHOLLAND MINION DAVEY MCNIFF & BEYRER
*Counsel for Defendant Catholic Health Systems of Long Island*
374 Hillside Avenue
Williston Park, New York 11596
By:    Brian R. Davey, Esq.

1

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion of Clarence Moore to remand this case to the New York County Supreme Court (the "Motion to Remand," ECF Doc. # 7). This case (hereinafter, the "*Moore*" case) is one of many similar cases originally filed in New York state courts alleging sexual abuse tort claims against non-debtor affiliates of the Roman Catholic Diocese of Rockville Center (the "Diocese" or the "Debtor")—here, principally, against Catholic Health Systems of Long Island, Inc. ("Catholic Health Systems")—under the New York Child Victims Act, CPLR § 214-g (the "CVA"). (The Diocese's non-debtor affiliates are hereinafter referred to, collectively, as the "DRVC Related Parties.") Some of the state court sexual abuse actions named the Diocese and DRVC Related Parties as defendants; others, such as the *Moore* case, do *not* name the Diocese as a defendant. The automatic stay in this chapter 11 case prevents actions naming the Diocese as a defendant from proceeding in state court. A consent injunction remains in place for now staying any state court action that includes the Diocese as one of several defendants that also include DRVC Related Parties.

On June 1, 2023, the Court *denied* the Diocese's motion seeking to extend what, until then, had been a consensual preliminary injunction against state court plaintiffs prosecuting their state court sexual abuse cases against the DRVC Related Parties in cases that did not also name the Diocese as a defendant. *Roman Catholic Diocese of Rockville Centre, New York v. Ark320 Doe (In re Roman Catholic Diocese of Rockville Centre, New York)*, 651 B.R. 622 (Bankr. S.D.N.Y. 2023) (hereinafter, the "*Diocese Injunction Decision*"). The *Diocese Injunction Decision* explained that "[t]his chapter 11 case was filed more than two-and-a-half years ago [now more than three years ago]. In that time, there has been little discernible progress in reaching a consensual plan of reorganization. More than 500 sexual abuse lawsuits were filed

2

against the Debtor or DRVC Related Parties in state court, many of which arise from alleged sexual abuse that occurred decades ago. These sexual abuse survivors have essentially been stymied in their efforts to obtain compensation since this chapter 11 case was filed. The issue facing the Court is whether, given all this, the Debtor has established cause for granting the preliminary injunction." *Diocese Injunction Decision*, 651 B.R. at 628.

The Court further explained:

> The Court has already concluded above that the Debtor has failed to show that the litigation will have directly adverse consequences like dissipation of insurance proceeds, increased indemnity claims, inconsistent judgments, collateral estoppel, or *res judicata*. The only harm that the Debtor has shown to exist is the distraction of key personnel from litigation of the State Court Actions. The Court has also concluded, however, that such harm will neither be imminent nor irreparable in the circumstances of this case and the relief sought.
>
> On the other side of the scale is the harm to the Survivors. For every day the injunction lasts, they are not only prevented from pursuing recovery on their claims, but their ability to prove their underlying case is weakened. For many Survivors, allowing time to pass means that they simply may not be able to recover either because the evidence for their case is lost, or because they themselves do not live long enough to press their claims. Importantly, these are claims they would be entitled to bring, if not for the stay in this case. It is clear that these harms to the Survivors become more significant with each passing day in this case, and in the past thirty months have eclipsed what is now a much more incidental—and certainly less consequential—harm for the Debtor, in having a limited role in participating in litigation against non-debtors.
>
> In sum, the Debtor fails to show that the balance of hardships tilt in its favor.

*Id.* at 666.

In short, the Court concluded that the sexual abuse claimants should be able to pursue their state court actions against DRVC Related Parties. The *Diocese Injunction Decision* applies to the *Moore* case, meaning that Moore was free to pursue his state court action.

3

Defendant Catholic Health Systems, the lead defendant in the *Moore* case, had other ideas, however. Catholic Health Systems responded on July 14, 2023, by removing the *Moore* state court action to the U.S. District Court for the Southern District of New York (the "Southern District Court"), alleging bankruptcy removal jurisdiction pursuant to 28 U.S.C. §§ 1334, 1441, 1446, 1452, and Federal Rule of Bankruptcy Procedure 9027. (*See* Notice of Removal, *Moore v. Catholic Health Systems of Long Island, Inc.*, No. 23 Civ. 5518 (S.D.N.Y. June 28, 2023) (JGLC), ECF Doc. # 4.) On July 14, 2023, the case was transferred from the Southern District Court to this Court pursuant to the Amended Standing Order of Reference M-431 (dated January 31, 2012).

Defendant Catholic Health Systems is not the only one of the DRVC Related Parties in sexual abuse actions that were pending in state courts in New York, Nassau and Suffolk Counties that responded to this Court's *Diocese Injunction Decision* by removing state court sexual abuse actions to federal district court. Most of the state court actions involving DRVC Related Parties were pending in the New York Supreme Court in Nassau and Suffolk Counties. DRVC Related Parties in 220 cases in those counties removed the cases to the U.S. District Court for the Eastern District of New York (the "Eastern District Court"), alleging bankruptcy removal jurisdiction.

At last count, eleven different Eastern District Court Judges, in well-reasoned opinions, have so far remanded 167 cases that were removed from state courts in Queens, Nassau, and Suffolk Counties.[1] No judges in the Eastern District Court have denied motions to remand these cases.

---

[1] *See e.g.*, *In re Child Victims Act Cases Removed from State Ct.*, 23-CV-4872 (RPK), 2023 WL 8810538 (E.D.N.Y. Dec. 20, 2023) (6 cases remanded); *ARK671 Doe v. St. James*, 23-CV-05148 (NJC), 2023 WL 8540898 (E.D.N.Y. Dec. 11, 2023) (1 case remanded); *In re Child Victims Act Cases Removed from State Ct.*, No. 23-CV-5163 (PKC), 2023 WL 8109182 (E.D.N.Y. Nov. 22, 2023) (8 cases remanded); *In re Child Victims Act Cases Removed from State Ct.*, No. 23-CV-4717 (OM), 2023 WL 7412276 (E.D.N.Y. Nov. 9, 2023) (7 cases remanded); *In re Child Victims Act Cases Removed from State Ct.*, No. 23-CV-4787 (KAM), 2023 WL 7283793 (E.D.N.Y. Nov. 3, 2023) (4 cases remanded); *In re Child Victims Act Cases Removed from State Ct.*, No. 23-CV-04791 (NGG), 2023

Not content to allow sexual abuse survivors to get their day in court against the DRVC Related Parties, the Diocese has attempted to further stymie the efforts of the sexual abuse plaintiffs from having their claims timely adjudicated in state courts. On July 5, 2023, the Diocese filed a petition in the Southern District Court seeking to fix venue for more than 220 personal injury claims against the Diocese or DRVC Related Parties in the Southern District Court based on 28 U.S.C. § 157(b)(5). (*See* Petition, *In re The Roman Catholic Diocese of Rockville Centre, New York*, No. 23 Civ. 5751 (S.D.N.Y. July 5, 2023) (LGS), ECF Doc. # 1.) The Southern District Court has not yet ruled on the petition.

Section 157(b)(5) of the Bankruptcy Code provides:

> The district court shall order that personal injury tort or wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5).

Catholic Health Systems argues that this Court should delay deciding the remand motion until the Southern District Court rules. The same argument was made and rejected in multiple Eastern District Court decisions remanding cases to state court. *See, e.g., In re Child Victims Act Cases Removed from State Ct.*, No. CV 23-5029(GRB), 2023 WL 5123396, at *6 (E.D.N.Y. Aug. 10, 2023) ("However, in arguing that this Court should withhold its decision 'regardless of

---

WL 6050276 (E.D.N.Y. Sept. 15, 2023) (4 cases remanded); *In re Child Victims Act Cases Removed from State Court*, No, 23-CV-4761 (AMD), 2023 WL 5718006 (E.D.N.Y. Sept, 5, 2023) (8 cases remanded); *In re Child Victims Act Cases Removed from State Court*, No. 23-CV-4723 (PKC), 2023 WL 5587623 (E.D.N.Y. Aug. 29, 2023) (8 cases remanded); *In re Child Victims Act Cases Removed from State Court*, No. 23-CV-4789 (ARR), 2023 WL 5436138 (E.D.N. Y, Aug. 23, 2023) (3 cases remanded); *In re Child Victims Act Cases Removed from State Court*, No. 23-CV-4782 (DG), ECF Doc. # 13 (E.D.N.Y. Aug. 22, 2023) (8 cases remanded); *In re Child Victims Act Cases Removed from State Court*, No. 23-CV-4584 (JMA), 2023 WL 5287219 (E.D.N.Y. Aug. 17, 2023) (58 cases remanded); *In re Child Victims Act Cases Removed from State Court*, No. 23-CV-04741 (HG), 2023 WL 5287067 (E.D.N.Y. Aug. 17, 2023) (10 cases remanded); *In re Child Victims Act Cases Removed From State Court*, No. 23-CV-5029 (GRB), 2023 WL 5123396 (E.D.N.Y. Aug. 10, 2023) (42 cases remanded).

whether the Court believes remand is appropriate' pending the resolution of its section 157(b)(5) motion, defendants appear to seek tacit approval from this Court—by proposing its silence—of the dubious procedural devices they have unleashed. Because the plaintiffs are entitled to timely consideration of their claims, and defendants' arguments are without basis in law, the request to defer decision is rejected as unlawful and unfair."); *In re Child Victims Act Cases Removed from State Court*, No. 23-CV-04741 (HG), 2023 WL 5287067, at *3 (E.D.N.Y. Aug. 17, 2023).

Additionally, section 157(b)(5) only protects parties from having to try personal injury or wrongful death claims in bankruptcy court; it does not strip the district court or bankruptcy court of the authority to remand cases removed from state court. *See* 28 U.S.C. § 1452(b) ("The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."). In the absence of a confirmed chapter 11 plan providing otherwise, the state law sexual abuse claims against DRVC Related Parties (particularly in cases that do not name the Debtor as a defendant) are more appropriately tried in state court. Even when non-bankruptcy court cases name a debtor as a defendant, the bankruptcy court may lift the automatic stay to permit a non-bankruptcy court to fix the amount of a claim against a debtor, with allowance and distribution subsequently determined by the bankruptcy court.

The *Diocese Injunction Decision* considered and rejected most of the arguments made by the Diocese and DRVC Related Parties in their continuing efforts to prevent sexual abuse survivors from getting their day in state court without further delay, more than three years after the Diocese's bankruptcy filing.

State court judges in New York, Nassau and Suffolk Counties (and elsewhere in the state) have received training in handling CVA sexual abuse claims. Those courts and judges are adept at handling the complexities and difficulties those cases present.

Considering the unbroken line of judicial decisions by district judges in the Eastern District Court remanding sexual abuse cases against DRVC Related Parties to state court, this Court does not need to break new ground in ruling that the *Moore* case should be remanded to the New York Country Supreme Court from which it was improvidently removed. The decisions in the Eastern District Court have concluded that the state sexual abuse lawsuits should be remanded to state court based on both mandatory abstention under 28 U.S.C. § 1334(c)(2) and permissive abstention under 28 U.S.C. § 1334(c)(1). This Court agrees. The reasoning in the opinions in the Eastern District Court cases, *see, supra,* n.1, is expressly incorporated by reference. For those same reasons, the *Moore* case should be remanded to the New York County Supreme Court from which the case was removed.

Therefore, the Motion to Remand is **GRANTED.** The Clerk is **ORDERED** to return this case to the New York County Supreme Court.

Dated:   January 16, 2024
         New York, New York

                                    *Martin Glenn*
                                    MARTIN GLENN
                                    Chief United States Bankruptcy Judge